In the Matter of FREDRIK A. HANSEN et al., Individually and as Members of the Fire Department Committee on the Merit System, and on Behalf of All Other Nondisabled Veterans on the Promotion Eligible List for Lieutenant, Petitioners, against JOSEPH A. McNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, November 4, 1949.

*Samuel D. Smoleff* for petitioners.

*John P. McGrath, Corporation Counsel (Albert Cooper* of counsel), for respondents.

HECHT, J. Section 6 of article V of the Constitution of this State provides for a preference to disabled veterans " whose disability is certified by the United States veterans administration *to be in existence at the time of his or her application for appointment or promotion* ". (Italics supplied.) Section 21 of the Civil Service Law defines " disabled veteran ", in conformity with the constitutional provision above referred to, as " a veteran who has a disability which is certified by the United States veterans' administration * * * *to be in existence at the time of application for appointment or promotion or at the time of retention,* as the case may be." (Italics supplied.) In *Matter of Carey* v. *Morton* (297 N. Y. 361) the Court of Appeals affirmed an order of the Special Term which directed the municipal civil service commission to disapprove all applications for disabled veterans' preference " except in cases where the application is supported by a certificate of the Veterans Administration; showing affirmatively (a) that the applicant has been examined *on a specified recent date* by the Veterans Administration * * *." (Italics supplied.)

Admittedly, the commission has been granting disabled veterans' preference on the basis of certificates furnished by the Veterans' Administration predicated upon physical examinations conducted within one year of the time of the application

for a preference. In the court's opinion, the commission in doing so has violated the provisions of the Constitution and of the Civil Service Law, previously referred to, as well as the provisions of the order in *Matter of Carey* v. *Morton* (*supra*). In many instances, as the present record shows, disabilities which have received a 10% rating from the Veterans' Administration are of such a nature that they may disappear within the period of a year or less elapsing between the date of certification and the date of application for a preference. Since the decisive date under the constitutional and statutory provisions and the order of this court is the time of the application for a preference, it is difficult to perceive any legal justification for the acceptance by the commission of certificates of disability based on examinations made within a year prior to the application for a preference. The affidavit of the commission's president intimates that the Veterans' Administration might not be willing to examine applicants for preferences more frequently than required by the present practice of accepting certificates based on an examination within one year prior to the application for a preference. There is, however, no definite showing that the Veterans' Administration would not be willing to make more frequent examinations if disabled veterans could not obtain preferences except upon certificates predicated upon recent examinations. In any event, however, the attitude of the Veterans' Administration may not be permitted to alter the intent of the people of this State as expressed in the State Constitution and in the Civil Service Law. The disability must exist at the time of the application for a preference. The present motion is accordingly granted to the extent of directing the commission to cease granting disability preferences unless the certificate of disability issued by the Veterans' Administration shows affirmatively that the applicant has been examined at a specified recent date by the Veterans' Administration and that a condition described in the certificate was found to exist and that the condition has received a minimum disability rating of 10%, with the qualification provided for in clause (c) of paragraph (2) of the order in *Matter of Carey* v. *Morton* (*supra*).

Insofar as petitioners seek production and disclosure of the records of the commission relating to the grant of disabled veterans' preference in connection with the promotion eligible list for lieutenant, fire department, the motion is also granted. Those applying for a preference on the basis of an alleged disability necessarily waive any privilege which they might other-

wise possess to keep the fact and nature of their disability confidential. The applications for a preference and the certificates of disability necessarily become public records and as such they should be open to examination at the request of those whose claims for promotion would be adversely affected by the granting of the applications for a preference. The commission claims that the form signed by applicants for a preference waives the privilege only to the extent of consenting to the transmission of the disability facts to the commission through the division of veterans' assistance, department of welfare, and to no further extent. The language used in the form, however, is merely " I hereby authorize you to furnish the Municipal Civil Service Commission through the Division of Veterans Assistance, Department of Welfare, 902 Broadway, N. Y. C., with my medical and disability record contained in your files, and release you from all liability in complying with this request." This language contains no limitation to the effect that after the commission receives the information no one else is to have the right to examine it. The information becomes a public record in the hands of the commission, and as such, subject to examination by those having a legitimate object and purpose in seeking such examination.

The contention that the four-month Statute of Limitations bars this proceeding is overruled, since the relief heretofore granted involves a continuing duty on the part of the commission.

Although the notice of motion requests a direction that the commission " Cancel improper grants of such preferences ", the prayer for relief at the end of the petition reads as follows: " Wherefore it is respectfully requested that an order issue * * * directing defendant Commission to cancel all improper grants of disabled veterans' preferences in connection with said list *as may be found by the Court upon such production and inspection of such records.*"

It is therefore clear that petitioners do not seek a cancellation of any grants of preferences until after the facts relating thereto shall have been disclosed through the discovery and inspection applied for. The motion, to the extent that it seeks the cancellation of improper grants of preferences, is accordingly denied, but without prejudice to a renewal, after petitioners have received the discovery and inspection above referred to, on papers specifying in detail each improper preference claimed to have been granted and the facts alleged to support the claim that a preference was improperly granted. The question

of the extent, if any, to which the four-month Statute of Limitations may constitute a bar to the cancellation of allegedly improper grants of preferences is not before the court for determination at this time. Its determination should await the making of the motion to cancel specified grants of preferences claimed to be illegal. Settle order.